UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: VICTOR D. CORDA,<br>　　　　　　　　　Debtor.<br><br>JOHN O. DESMOND, CHAPTER 7 TRUSTEE<br>FOR THE ESTATE OF VICTOR D. CORDA,<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>VICTOR D. CORDA, CORDA CUSTOM<br>BUILDERS, INC., and CORDA BUILDERS, INC.<br>　　　　　　　　　Defendants. | Civil Action No. 22-cv-11041-GAO<br><br>(Chapter 7 Case No. 16-13645-JEB;<br>　Adv. Pro. No. 18-1150-FJB) |

OPINION AND ORDER
March 6, 2023

O'TOOLE, D.J.

　　Bankruptcy defendants Corda Custom Builders, Inc. and Corda Builders, Inc. (collectively referred to as "the defendants")[1] seek leave to appeal the Bankruptcy Court's interlocutory order holding that the remaining counts in the case are core proceedings under 28 U.S.C. §157 for which it has jurisdiction to enter final orders and that consequently the defendants do not have a right to a jury trial.

　　In September 2016, Victor D. Corda commenced the underlying bankruptcy case by filing a voluntary Chapter 7 petition. Two years later, the Trustee commenced an adversary proceeding

---

[1] Defendant Victor D. Corda ("Corda") joins the appeal "solely to preserve any rights he has with respect to the trial of this action and to preserve any right of appeal he may have with respect to the issues that are the subject" of the motion but does not contend "he is entitled to a trial by jury on claims seeking ultimate relief against him personally." (Mem. of Law in Supp. of Defs.' Mot. for Leave to Appeal Interlocutory Order at 1 n.1 (dkt. no. 4).)

by filing a complaint against the debtor and the defendant corporations. Through the complaint, the Trustee seeks turnover of proceeds from property sales and certain construction projects paid post-petition to Corda Builders, Inc. In their answer to the complaint, the debtor and defendants claimed a right to jury trial on all claims so triable. On June 7, 2022, the Bankruptcy Court entered an order finding that the defendants did not have a right to a jury trial on the counts at issue. This request to file an appeal followed. In December 2022, while the request was pending, the Bankruptcy Court held a trial on the matter, and the parties have submitted post-trial briefs. The matter is currently under advisement with the Bankruptcy Court.

Interlocutory orders issued by bankruptcy judges may be appealed only if the district court grants leave to appeal. See 28 U.S.C. § 158(a)(3). To ascertain whether a district court will exercise its discretion in considering a request for leave to appeal, it must "consider whether (1) the order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation." In re Watson, 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004) (quotation omitted). "[L]eave to appeal 'should be used sparingly and only in exceptional circumstances.'" In re Bailey, 592 B.R. 400, 409 (B.A.P. 1st Cir. 2018) (quoting In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1010 n.1 (1st Cir. 1988)).

This case presents no exceptional circumstances that would merit leave for an interlocutory appeal. The Bankruptcy Court has now conducted a trial and the matter is under advisement. Consequently, an interlocutory appeal from the Bankruptcy Court would not materially advance the ultimate termination of litigation. To the contrary, it would likely interfere and potentially delay the ongoing proceedings.

For the foregoing reasons, the defendants' Motion for Leave to Appeal Interlocutory Order Entered June 7, 2022 (dkt. no. 3) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
